No. 26-1555

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

JORDAN BROWN,
Plaintiff-Appellant,

v.

SOUTHERN AUTO FINANCE COMPANY, LLC, d/b/a SAFCO; SAFCO WAREHOUSE SPV 1, LLC; TORRES TOWING, LLC; MVCONNECT INC., f/k/a MVConnect, LLC, a/k/a MVTRAC,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, Newport News Division

# APPELLANT'S BRIEF

Dale W. Pittman
The Law Office of
Dale W. Pittman, P.C.
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000

Adina H. Rosenbaum
Nandan M. Joshi
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Leonard A. Bennett
Craig C. Marchiando
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, VA 23601
(757) 930-3660

*Counsel for Plaintiff-Appellant*

August 31, 2026

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. 26-1555 Caption: Jordan Brown v. Southern Auto Finance Company, LLC

Pursuant to FRAP 26.1 and Local Rule 26.1,

Jordan Brown
(name of party/amicus)

who is Appellant, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2. Does party/amicus have any parent corporations? ☐ YES ☑ NO
If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐YES ☑NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Adina H. Rosenbaum Date: 8/31/26

Counsel for: Appellant



Print to PDF for Filing

## TABLE OF CONTENTS

DISCLOSURE STATEMENT ........ i

TABLE OF AUTHORITIES ........ v

INTRODUCTION ........ 1

JURISDICTIONAL STATEMENT ........ 3

STATEMENT OF THE ISSUE ........ 4

STATEMENT OF THE CASE ........ 5

A. Statutory Background ........ 5

B. Factual Background ........ 6

C. Procedural Background ........ 7

SUMMARY OF ARGUMENT ........ 9

STANDARD OF REVIEW ........ 10

ARGUMENT ........ 11

I. A debt collector in Virginia violates the FDCPA if it takes possession of collateral without judicial process through a breach of the peace. ........ 11

II. Torres Towing breached the peace in repossessing Mr. Brown's car. ........ 17

III. Dismissal of the state-law claims should be reversed. ........ 19

CONCLUSION ........ 20

REQUEST FOR ORAL ARGUMENT .................................................... 22

CERTIFICATE OF COMPLIANCE ...................................................... 23

CERTIFICATE OF SERVICE .............................................................. 24

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Aiyedun v. Autocred, Inc.*,
No. 2:24-CV-04341-ODW (ASX), 2025 WL 3215336
(C.D. Cal. Nov. 17, 2025) .......... 15

*Albertorio-Santiago v. Reliable Financial Services*,
612 F. Supp. 2d 159 (D.P.R. 2009) .......... 18

*Alexander v. Blackhawk Recovery & Investigation, L.L.C.*,
731 F. Supp. 2d 674 (E.D. Mich. 2010) .......... 16

*Aviles v. Wayside Auto Body, Inc.*,
49 F. Supp. 3d 216 (D. Conn. 2014) .......... 16

*Bednarz v. Lovald,*
No. 15-C-0458, 2016 WL 6304705
(E.D. Wis. Oct. 27, 2016) .......... 16

*Byrd v. Hyundai Motor Finance*,
No. 8:23-CV-1254-CEH-SPF, 2023 WL 8543709
(M.D. Fla. Dec. 11, 2023) .......... 15

*Chavez v. Ford Motor Credit Co.*,
No. 25-8, 2026 WL 280787
(9th Cir. Feb. 3, 2026) .......... 12, 16, 18

*Drahos v. U.S. Bank Nat'l Ass'n*,
No. 2:25-CV-663, 2025 WL 1906664
(S.D. Ohio July 10, 2025) .......... 15

*Fiecke-Stifter v. MidCountry Bank*,
170 F.4th 1120 (8th Cir. 2026) .......... 12, 14

*Fuller v. CIG Financial, LLC*,
No. 3:22-CV-1289-D, 2023 WL 146251
(N.D. Tex. Jan. 10, 2023) ........................................................ 14

*Gable v. Universal Acceptance Corp. (WI)*,
338 F. Supp. 3d 943 (E.D. Wis. 2018) ........................................ 16

*Galanter v. Access Finance, Inc.*,
No. 2:23-CV-09466-ODW (SSCX), 2025 WL 2172193
(C.D. Cal. July 31, 2025) .......................................................... 15

*Gerbasi v. NU Era Towing & Service, Inc.*,
443 F. Supp. 3d 411 (W.D.N.Y. 2020) ........................................ 16

*Gonzalez v. VJ Wood Recovery, LLC*,
726 F. Supp. 3d 399 (E.D. Pa. 2024) .......................................... 15

*Hansen v. Santander Bank, N.A.*,
689 F. Supp. 3d 679 (D. Minn. 2023) ......................................... 16

*Hart v. North Star Recovery, LLC*,
810 F. Supp. 3d 835 (W.D. Mich. 2025) ..................................... 15

*In re Marriott Int'l, Inc.*,
31 F.4th 898 (4th Cir. 2022) ....................................................... 10

*Jeffries v. Wells Fargo Bank, NA*,
No. 10-CV-5889, 2011 WL 5023396
(N.D. Ill. Oct. 19, 2011) ............................................................ 16

*LaRoque v. Spire Credit Union*,
No. CV 23-2348 (DWF/DTS), 2025 WL 887409
(D. Minn. Mar. 21, 2025) ........................................................... 14

*Lavalley v. Skyline Recovery Service, Inc.*,
788 F. Supp. 3d 224 (D. Mass. 2025) ......................................... 15

*Marriott v. Xtreme Auto Recovery, Inc.*,
No. 6:24-CV-671 (DNH/CBF), 2026 WL 2494886
(N.D.N.Y. Aug. 25, 2026) .......... 15

*Mitchel v. Stellantis Financial Services, Inc.*,
No. 3:24CV882 (RCY), 2025 WL 2676569
(E.D. Va. Sept. 18, 2025) .......... 12

*Mkhitaryan v. U.S. Bancorp,*
No. 2:11-CV-1055 JCM CWH, 2012 WL 6204840
(D. Nev. Dec. 12, 2012) .......... 16

*Nicholson v. Durant*,
162 F.4th 417 (4th Cir. 2025) .......... 11

*Osborne v. Minnesota Recovery Bureau, Inc.*,
No. 04-1167 (JRT/FLN), 2006 WL 1314420
(D. Minn. May 12, 2006) .......... 16

*Richards v. PAR, Inc.*,
954 F.3d 965 (7th Cir. 2020) .......... 2, 11, 12, 13, 14, 17

*Rivin v. Patrick K. Willis Co.*,
No. 2:20-CV-07431-RGK-KS, 2020 WL 8365251
(C.D. Cal. Dec. 4, 2020) .......... 16

*Roberts v. Image Recovery Service, Inc.*,
810 F. Supp. 3d 1007 (S.D. Ill. 2025) .......... 15, 17, 18

*Roberts v. Plumas Bank*,
No. 2:25-CV-01484-TLN-DMC, 2025 WL 3704535
(E.D. Cal. Dec. 22, 2025) .......... 15

*Russell v. Santander Consumer USA, Inc.,*
No. 19-CV-119, 2020 WL 3077944
(E.D. Wis. June 9, 2020) .......... 16

*Shelton v. Marshall*,
724 F. Supp. 3d 532 (W.D. Va. 2024) .......................................... 18

*Shue v. JMAC Distribution, LLC*,
745 F. Supp. 3d 3 (D. Mass. 2024) ......................................... 15, 17

*Sinegal v. Big Horn Auto Sales, Inc.*,
No. CV H-21-3102, 2022 WL 799908
(S.D. Tex. Mar. 16, 2022) ........................................................... 16

*Smith v. AFS Acceptance, LLC*,
No. 11 C 5340, 2012 WL 1969415
(N.D. Ill. June 1, 2012) ............................................................... 16

*Tart v. Independent Recovery, Inc.*,
No. 8:23-CV-00628-JWH-JDEX, 2024 WL 6874513
(C.D. Cal. Aug. 26, 2024) ............................................................ 15

*Thomas v. General Motors Financial Co.*,
No. 5:19-CV-1418-DAE, 2020 WL 8771387
(W.D. Tex. Mar. 18, 2020) ........................................................... 16

*Universal Credit Co. v. Taylor*,
164 Va. 624, 180 S.E. 277 (1935) ......................................... 13, 17

*Vantu v. Echo Recovery, LLC*,
85 F. Supp. 3d 939 (N.D. Ohio 2015) ....................................... 5, 15

*Walker v. Walthall*,
121 Ariz. 121, 588 P.2d 863 (Ariz. Ct. App. 1978) ......................... 19

*Wallace v. Chrysler Credit Corp.*,
743 F. Supp. 1228 (W.D. Va. 1990) ....................................... 13, 17

*Williams v. Mitchell*,
122 F.4th 85 (4th Cir. 2024) ....................................................... 10

*Williams v. Republic Recovery Services, Inc.*,
No. 09 C 6554, 2010 WL 2195519
(N.D. Ill. May 27, 2010) .................................................... 16

*Wright v. Santander Consumer USA, Inc.*,
No. 618CV263ORL22KRS, 2018 WL 2095171
(M.D. Fla. May 1, 2018) .................................................... 15

*Yeldell v. Wells Fargo Bank, N.A.*,
No. 2:09-CV-01584-JEO, 2011 WL 13287064
(N.D. Ala. Mar. 2, 2011) .................................................... 16

**Statutes**

15 U.S.C. § 1692a(6) .................................................... 5

15 U.S.C. § 1692f .................................................... 5, 15
15 U.S.C. § 1692f(6) .................................................... 5, 8, 11
15 U.S.C. § 1692f(6)(A) .................................................... 1, 2, 4, 5, 9, 10, 14, 16, 19

28 U.S.C. § 1291 .................................................... 4

28 U.S.C. § 1331 .................................................... 3

28 U.S.C. § 1367 .................................................... 3

42 U.S.C § 1983 .................................................... 3

Va. Code § 8.9A-609 .................................................... 5, 12
Va. Code § 8.9A-609(b) .................................................... 6, 8
Va. Code § 8.9A-609(b)(2) .................................................... 13

**Other Authorities**

Uniform Commercial Code (UCC) § 9-609 .................................................... 5, 12, 13, 14, 18

## INTRODUCTION

This case concerns a towing company's repossession of a vehicle that it was not allowed to take at the moment of the repossession.

Virginia's Commercial Code allows self-help repossession—repossession of collateral without a court order—only if the repossessor proceeds without breaching the peace. Once the peace is breached, the repossessor may not repossess the collateral unless it first obtains a court order.

The Fair Debt Collection Practices Act (FDCPA), in turn, declares it unfair or unconscionable—and a violation of federal law—for a debt collector to engage in self-help repossession without a "present right to possession of the collateral." 15 U.S.C. § 1692f(6)(A). That is, a debt collector violates the FDCPA if it takes possession of collateral that it does not have the right to take possession of at the moment of the repossession.

Putting these two provisions together, once the peace is breached in the course of a repossession, a debt collector loses the right under state law to take possession of the collateral, and a debt collector who nonetheless takes possession of the collateral violates the FDCPA. As the

Seventh Circuit—the only federal court of appeals to have addressed the issue—explained in addressing the FDCPA and a state law with language identical to the relevant language in the Virginia Commercial Code, "a repossessor has a present right to take possession of collateral without judicial process only if he proceeds without a breach of the peace." *Richards v. PAR, Inc.*, 954 F.3d 965, 970 (7th Cir. 2020). If the peace is breached, "the towing company no longer ha[s] a present right to possession," and, absent a present right to possession, "repossession of property without judicial process violates § 1692f(6)(A)." *Id.* at 968–69.

Applying these principles here, Defendants-Appellees Torres Towing, Inc., and MVCONNECT INC., f/k/a MVConnect, LLC, a/k/a MVTRAC (MVTRAC) violated the FDPCA, 15 U.S.C. § 1692f(6)(A), when they repossessed Plaintiff-Appellant Jordan Brown's car through a repossession that breached the peace. The district court's dismissal of Mr. Brown's FDCPA claim should therefore be reversed. And because the district court declined to exercise supplemental jurisdiction over various of Mr. Brown's state-law claims based on its dismissal of the FDCPA claim, the court's dismissal of those state-law claims should be reversed as well.

## JURISDICTIONAL STATEMENT

Jordan Brown filed the operative complaint in this case on December 16, 2024, in the United States District Court for the Eastern District of Virginia, Newport News Division. JA029. The complaint alleges an FDCPA claim against Torres Towing and MVTRAC, a claim under 42 U.S.C § 1983 against the City of Hampton, Virginia, and state-law claims against all the defendants. JA048–058. The district court had jurisdiction over the FDCPA and section 1983 claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

On January 31, 2025, Mr. Brown voluntarily dismissed his claims against the City of Hampton, Virginia. *See* JA067. In an opinion and order dated April 28, 2025, the district court dismissed the claims against the City of Hampton based on Mr. Brown's voluntary dismissal and dismissed one of the state-law claims against some of the other defendants. JA076. In an opinion and order signed on September 26, 2025, and entered on the docket on September 29, 2025, the district court dismissed the FDCPA claim against Torres Towing. JA006. It also declined to exercise supplemental jurisdiction over the state-law claims

against Torres Towing and dismissed those claims. JA007. In an order dated October 1, 2025, the district court dismissed the FDCPA claim against MVTRAC and declined to exercise supplemental jurisdiction over the remaining state-law claims, dismissing those claims. JA009. The October 1, 2025, order thus disposed of all remaining claims in the case.

On October 27, 2025, Mr. Brown filed a timely motion for reconsideration. *See* JA027. The district court denied the motion in a memorandum opinion and order signed on April 1, 2026, and entered on the docket on April 2, 2026. JA018.

Mr. Brown filed a timely notice of appeal on April 30, 2026. JA085. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether, in repossessing Mr. Brown's car, Torres Towing and MVTRAC violated 15 U.S.C. § 1692f(6)(A), which prohibits debt collectors from taking nonjudicial action to take collateral without a "present right to possession" of the collateral, where state law prohibits taking possession of collateral without judicial process when there is a breach of the peace, and Torres Towing took possession of the car without judicial process after the peace was breached.

## STATEMENT OF THE CASE

### A. Statutory Background

The FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect" a debt. 15 U.S.C. § 1692f. Among the actions expressly forbidden by the statute is "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." *Id.* § 1692f(6). For purposes of section 1692f(6), the term "debt collector" includes a person in "any business the principal purpose of which is the enforcement of security interests." *Id.* § 1692a(6). Thus, section 1692f(6)(A) "subject[s] security enforcers who attempt to repossess collateral without a present right to possess the collateral to liability under the FDCPA." *Vantu v. Echo Recovery, LLC*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015).

Virginia's Commercial Code establishes when a secured party has the right to take possession of collateral after a default. Va. Code § 8.9A-609 (Virginia's codification of Uniform Commercial Code (UCC) § 9-609). The statute provides that a secured party may take possession of

collateral after default either "pursuant to judicial process" or "without judicial process, if it proceeds without breach of the peace." *Id.* § 8.9A-609(b). The Code does not permit a party to take possession of collateral without judicial process when there is a breach of the peace.

### B. Factual Background

Jordan Brown is an active-duty servicemember. JA029. On July 11, 2020, Mr. Brown bought a used 2018 Nissan Altima from H & R Auto Motors in San Antonio, Texas. JA038. To finance the purchase, Mr. Brown entered into a security agreement with H & R that required him to make certain payments. JA038. H & R assigned the loan to Southern Auto Finance Company, LLC (SAFCO), which assigned the loan to SAFCO Warehouse SPV 1, LLC (SPV 1). SAFCO retained collection rights and contracted with MVTRAC to manage repossession of vehicles. JA038–039. On August 23, 2021, a SAFCO representative told Mr. Brown, mistakenly, that he was "covered as an active service member for repossession protection under" the Servicemembers Civil Relief Act (SCRA) and that a "court order would have to be granted prior to repossession." JA038.

Mr. Brown fell into default on the loan. On March 20, 2024, while Mr. Brown was visiting Hampton, Virginia, Torres Towing—a towing company hired by MVTRAC—hooked the car up to its tow truck. JA039. Mr. Brown, who was sitting in the vehicle at the time and who believed that he was protected from nonjudicial repossession by the SCRA, became panicked, frustrated, and angry, and objected to the tow. JA038–039. Torres Towing, however, refused to unhook his vehicle. JA040. Instead, although it did not have a court order, it called the City of Hampton police department to assist it in towing the car. JA040–041. The City of Hampton police officers physically removed Mr. Brown from the vehicle over his objections. JA041. The police officers then confined Mr. Brown against his will in a police vehicle, and Torres Towing drove away with the car. JA041.

### C. Procedural Background

Mr. Brown filed this case on November 5, 2024, *see* JA022, and filed an amended complaint on December 16, 2024, JA029–062. As relevant here, the amended complaint alleges that Torres Towing and MVTRAC violated the FDCPA's prohibition on taking nonjudicial action to dispossess property without a "present right to possession of the

property," 15 U.S.C. § 1692f(6), when Torres Towing took possession of the vehicle through a breach of the peace. JA050–051. Mr. Brown also brought state-law claims against Torres Towing, MVTRAC, SAFCO, and SPV 1. JA056–058.

In an order entered on September 29, 2025, the district court granted Torres Towing's motion to dismiss the FDCPA claim. The court recognized that courts often look "to the relevant state property and contract laws to determine whether a party has a present right to possession under the FDCPA." JA005. However, although Virginia Code § 8.9A-609(b) allows secured parties to take possession of collateral without judicial process only if they proceed without breach of the peace, the court held that a secured party proceeding without judicial process does not lose the present right to possession of collateral if it breaches the peace. The court interpreted section 8.9A-609(b) to govern only "the manner in which [secured parties] may effectuate" their right to take possession of collateral, not whether they have such a right. JA006. The court concluded that because Mr. Brown's loan was in default, SAFCO had the right to repossess his car. And because it was acting at SAFCO's

behest, Torres Towing had a present right to repossess the vehicle, regardless of whether it breached the peace in doing so. JA006.

Having dismissed Mr. Brown's federal claim against Torres Towing, the district court declined to exercise supplemental jurisdiction over the state-law claims against Torres Towing. JA007. The court subsequently entered an order stating that, for the reasons it dismissed the FDCPA claim against Torres Towing, the claim was also dismissed as to MVTRAC, and that the court was declining to exercise supplemental jurisdiction over the remaining state-law claims. JA009.

Mr. Brown filed a motion for reconsideration on October 27, 2025, *see* JA027, which the district court denied, JA018.

## SUMMARY OF ARGUMENT

Under the FDCPA, 15 U.S.C. § 1692f(6)(A), a debt collector is prohibited from engaging in self-help repossession if it does not have the present right to possess the collateral. Under the Virginia law governing secured parties' right to take possession of collateral after a default, secured parties proceeding without judicial process have the right to take possession of the collateral only if they do not breach the peace. Accordingly, after the peace is breached, a secured party that is

proceeding without judicial process does not have the right to take possession of the collateral. Because it then lacks a present right to possession of the collateral, its repossession violates the FDCPA, 15 U.S.C. § 1692f(6)(A).

Torres Towing breached the peace in repossessing Mr. Brown's car and therefore lacked the "present right to possession" of the vehicle. *Id.* The district court thus erred in dismissing Mr. Brown's FDCPA claim. And because the dismissal of various of Mr. Brown's state-law claims was based on the dismissal of the FDCPA claim, the court erred in dismissing those state-law claims as well.

## STANDARD OF REVIEW

This Court "review[s] the grant of a motion to dismiss de novo, accepting the complaint's factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *In re Marriott Int'l, Inc.*, 31 F.4th 898, 901 (4th Cir. 2022).

The Court "review[s] a district court's decision to not exercise supplemental jurisdiction over state law claims for abuse of discretion." *Williams v. Mitchell*, 122 F.4th 85, 89 (4th Cir. 2024). "A district court abuses its discretion when it … relies on erroneous factual or legal

premises." *Nicholson v. Durant*, 162 F.4th 417, 422 (4th Cir. 2025) (citation omitted).

## ARGUMENT

### I. A debt collector in Virginia violates the FDCPA if it takes possession of collateral without judicial process through a breach of the peace.

The FDCPA prohibits debt collectors—including businesses whose principal purpose is the enforcement of security interests—from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6). Under this provision, a repossession without judicial process violates the FDCPA unless "the property is collateral under an enforceable security interest *and* the repossessor has a 'present right to possession' of the property." *Richards*, 954 F.3d at 968.

"[T]he FDCPA does not define the phrase 'present right to possession.'" *Id*. Because "[r]epossession rights are governed by the relevant state's property and contract law," "in the absence of an FDCPA-specific rule, [courts] must look to state law to determine whether a repossessor had a present right to possess the property at the time it was

seized." *Id.*; *see, e.g.*, *Fiecke-Stifter v. MidCountry Bank*, 170 F.4th 1120, 1126 (8th Cir. 2026) ("Because the FDCPA does not define a present right to possession, this court looks to state law to determine whether the security-interest enforcer had that right at the time of taking any action to foreclose."); *Chavez v. Ford Motor Credit Co.,* No. 25-8, 2026 WL 280787, at *1 (9th Cir. Feb. 3, 2026) ("The FDCPA does not itself clarify when a lender has a right of possession or when property is exempt by law from repossession, so the parties agree we must look to the underlying state law to determine whether a repossessor had a right to possess the property."); *Mitchel v. Stellantis Fin. Servs., Inc.*, No. 3:24CV882 (RCY), 2025 WL 2676569, at *4 (E.D. Va. Sept. 18, 2025) ("Whether a debt collector has a 'present right to possession' is a matter of state law."); *see also* JA005 (recognizing that courts often look "to the relevant state property and contract laws to determine whether a party has a present right to possession under the FDCPA").

In Virginia, a "[s]ecured party's right to take possession after default" is governed by Virginia Code § 8.9A-609—Virginia's codification of UCC § 9-609. Under that statute, a secured party proceeding without judicial process may take possession of collateral only "if it proceeds

without breach of the peace." Va. Code § 8.9A-609(b)(2). Once there is a breach of the peace, the secured party is no longer entitled to take possession of the collateral. Its "agent must then desist," *Wallace v. Chrysler Credit Corp.*, 743 F. Supp. 1228, 1232 (W.D. Va. 1990), and it "must resort to appropriate legal proceedings," *Universal Credit Co. v. Taylor*, 164 Va. 624, 631, 180 S.E. 277, 280 (1935); *see also*, *e.g.*, *Richards*, 954 F.3d at 968 ("If a breach of the peace occurs, the repossessor must desist and pursue his remedy in court." (cleaned up) (addressing Indiana's codification of UCC § 9-609)).

Because a secured party proceeding without judicial process may not take possession of the collateral after a breach of the peace, once there is a breach of the peace, the secured party "no longer ha[s] a present right to possession" of the collateral. *Richards*, 954 F.3d at 968. Accordingly, if it continues with the repossession, it violates the FDCPA. *See id*.

In holding otherwise, the district court interpreted Virginia Code § 8.9A-609(b)(2) to govern only the "manner in which" secured parties enforce their "right to take possession of collateral," not whether they have such a right. JA006. The district court's reasoning, however, ignores the consequences of a secured party's breach of the peace: It must stop

the repossession. That is, a secured party that violates the manner of repossession set forth in the statute is forbidden from immediately taking possession of the collateral. And without the right immediately to take possession of the collateral, the secured party does not have a "present right to possession" of the collateral. 15 U.S.C. § 1692f(6)(A); *see Fiecke-Stifter*, 170 F.4th at 1127 (noting that "the word 'present' in section 1692f(6)(A) measures the right to possession at the specific time a security-interest enforcer takes" action).

In short, under Virginia law (and the law of other states that have codified UCC § 9-609 or enacted similar provisions), once there is a breach of the peace, the repossessor lacks a "present right to possession of the property." 15 U.S.C. § 1692f(6)(A); *see*, *e.g.*, *Richards*, 954 F.3d at 970 ("[A] repossessor has a present right to take possession of collateral without judicial process only if he proceeds without a breach of the peace."); *LaRoque v. Spire Credit Union*, No. CV 23-2348 (DWF/DTS), 2025 WL 887409, at *2 (D. Minn. Mar. 21, 2025) ("A breach of the peace abrogates the secured party's present right to possession of the collateral."); *Fuller v. CIG Fin., LLC*, No. 3:22-CV-1289-D, 2023 WL 146251, at *2 (N.D. Tex. Jan. 10, 2023) ("[W]here a debt collector

breaches the peace while effecting a repossession of property—thereby violating [state] law regarding nonjudicial repossessions—the debt collector does not have a right to repossession under 15 U.S.C. § 1692f."); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("[I]f a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu*, 85 F. Supp. 3d at 943 ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace.").[1] A debt collector

---

[1] *See also, e.g.*, *Marriott v. Xtreme Auto Recovery, Inc.*, No. 6:24-CV-671 (DNH/CBF), 2026 WL 2494886, at *9 (N.D.N.Y. Aug. 25, 2026); *Roberts v. Plumas Bank*, No. 2:25-CV-01484-TLN-DMC, 2025 WL 3704535, at *3 (E.D. Cal. Dec. 22, 2025); *Aiyedun v. Autocred, Inc.*, No. 2:24-CV-04341-ODW (ASX), 2025 WL 3215336, at *3 (C.D. Cal. Nov. 17, 2025); *Roberts v. Image Recovery Serv., Inc.*, 810 F. Supp. 3d 1007, 1015 (S.D. Ill. 2025); *Hart v. N. Star Recovery, LLC*, 810 F. Supp. 3d 835, 838 (W.D. Mich. 2025); *Galanter v. Access Fin., Inc.*, No. 2:23-CV-09466-ODW (SSCX), 2025 WL 2172193, at *5 (C.D. Cal. July 31, 2025); *Drahos v. U.S. Bank Nat'l Ass'n*, No. 2:25-CV-663, 2025 WL 1906664, at *2 (S.D. Ohio July 10, 2025); *Lavalley v. Skyline Recovery Serv., Inc.*, 788 F. Supp. 3d 224, 234 (D. Mass. 2025); *Tart v. Indep. Recovery, Inc.*, No. 8:23-CV-00628-JWH-JDEX, 2024 WL 6874513, at *3 (C.D. Cal. Aug. 26, 2024); *Shue v. JMAC Distribution, LLC*, 745 F. Supp. 3d 3, 8 (D. Mass. 2024); *Gonzalez v. VJ Wood Recovery, LLC*, 726 F. Supp. 3d 399, 402 (E.D. Pa. 2024); *Byrd v.*

(continued…)

who repossesses property without judicial process through a breach-of-the-peace repossession thus violates the FDCPA, 15 U.S.C. § 1692f(6)(A).

---

*Hyundai Motor Fin.*, No. 8:23-CV-1254-CEH-SPF, 2023 WL 8543709, at *2 (M.D. Fla. Dec. 11, 2023); *Hansen v. Santander Bank, N.A.*, 689 F. Supp. 3d 679, 688 (D. Minn. 2023); *Sinegal v. Big Horn Auto Sales, Inc.*, No. CV H-21-3102, 2022 WL 799908, at *3 (S.D. Tex. Mar. 16, 2022); *Rivin v. Patrick K. Willis Co.*, No. 2:20-CV-07431-RGK-KS, 2020 WL 8365251, at *4 (C.D. Cal. Dec. 4, 2020); *Russell v. Santander Consumer USA, Inc.,* No. 19-CV-119, 2020 WL 3077944, at *3 (E.D. Wis. June 9, 2020); *Thomas v. Gen. Motors Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 WL 8771387, at *4 (W.D. Tex. Mar. 18, 2020); *Gerbasi v. NU Era Towing & Serv., Inc.*, 443 F. Supp. 3d 411, 414 (W.D.N.Y. 2020); *Gable v. Universal Acceptance Corp. (WI)*, 338 F. Supp. 3d 943, 949 (E.D. Wis. 2018); *Bednarz v. Lovald,* No. 15-C-0458, 2016 WL 6304705, at *2 (E.D. Wis. Oct. 27, 2016); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 226 (D. Conn. 2014); *Mkhitaryan v. U.S. Bancorp,* No. 2:11-CV-1055 JCM CWH, 2012 WL 6204840, at *4 (D. Nev. Dec. 12, 2012); *Smith v. AFS Acceptance, LLC*, No. 11 C 5340, 2012 WL 1969415, at *3 (N.D. Ill. June 1, 2012); *Jeffries v. Wells Fargo Bank, NA*, No. 10-CV-5889, 2011 WL 5023396, at *6 (N.D. Ill. Oct. 19, 2011); *Yeldell v. Wells Fargo Bank, N.A.*, No. 2:09-CV-01584-JEO, 2011 WL 13287064, at *17 (N.D. Ala. Mar. 2, 2011); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Williams v. Republic Recovery Servs., Inc.,* No. 09 C 6554, 2010 WL 2195519, at *3 (N.D. Ill. May 27, 2010); *cf.*, *e.g.*, *Chavez*, 2026 WL 280787, at *1 (indicating that a breach of the peace deprives the repossessor of a present right of possession, but holding that there was no breach of the peace under the circumstances); *but see*, *e.g.*, *Osborne v. Minn. Recovery Bur., Inc.*, No. 04-1167 (JRT/FLN), 2006 WL 1314420, at *7 (D. Minn. May 12, 2006) (holding that a breach of the peace does not necessarily terminate a present right of possession).

## II. Torres Towing breached the peace in repossessing Mr. Brown's car.

"[A] reasonable jury could conclude that a breach of the peace occurred during the repossession" of Mr. Brown's car. *Richards*, 954 F.3d at 968. Torres Towing hooked Mr. Brown's car to its tow truck while Mr. Brown was inside the vehicle. JA039. Doing so "plainly constitute[s] the kind of hazard resulting from confrontation during self-help repossession that the UCC seeks to avoid, and which courts have determined are dangerous and constitute a breach of the peace." *Shue*, 745 F. Supp. 3d at 8. "It creates a high risk of injury and increases the probability for violence." *Roberts v. Image Recovery Serv.*, 810 F. Supp. 3d at 1012. Thus, "many courts … have found it is a breach of the peace to repossess an occupied vehicle." *Id.* (citing cases).

Moreover, the Virginia Supreme Court long ago recognized that, when a party's "right to possession of chattels … is denied or resisted by another, that … party must resort to appropriate legal proceedings." *Universal Credit Co.,* 164 Va. at 630–1, 180 S.E. 277 at 280. Thus, if "the debtor is present and makes an objection, the breach of the peace analysis comes to the fore" and "the creditor's agent must then desist." *Wallace*,

743 F. Supp. at 1232; *see Shelton v. Marshall*, 724 F. Supp. 3d 532, 548 (W.D. Va. 2024) ("Virginia courts conclude that a creditor breaches the peace when it persists with a repossession over the debtor's objections."). Here, although Mr. Brown objected to the towing of his car, Torres Towing did not desist.

Rather than desisting, Torres Towing called the police to assist with its repossession of Mr. Brown's car. JA040. The official comments to UCC § 9-609 specify, however, that the "section does not authorize a secured party who repossesses without judicial process to utilize the assistance of a law-enforcement officer," UCC § 9-609 cmt. 3, and note that "[a] number of cases have held that a repossessing secured party's use of a law-enforcement officer without benefit of judicial process constituted a failure to comply with" the UCC. *Id.*; *see*, *e.g.*, *Chavez*, 2026 WL 280787, at *2 (listing "the use of law enforcement" as a factor courts look at in determining if there was a breach of the peace (citation omitted)); *Roberts v. Image Recovery Serv.*, 810 F. Supp. 3d at 1012–13 ("Many jurisdictions have held that the assistance of law enforcement officers in a self-help repossession constitutes a breach of the peace."); *Albertorio-Santiago v. Reliable Fin. Servs.*, 612 F. Supp. 2d 159, 170 (D.P.R. 2009) ("If law

enforcement is needed, then a breach of the peace has occurred, and the creditor must secure judicial intervention to carry out the repossession."). The involvement of law enforcement officers "create[s] the very volatile situations" the UCC prohibition on self-help breach-of-the-peace repossession "was designed to prevent." *Walker v. Walthall*, 121 Ariz. 121, 124, 588 P.2d 863, 865 (Ariz. Ct. App. 1978).

In sum, Mr. Brown sufficiently alleged that Torres Towing breached the peace in repossessing his car. Because Torres Towing breached the peace, because a breach of the peace deprives a towing company engaged in a self-help repossession of the "present right to possession" of the car, and because the FDCPA prohibits engaging in self-help repossession without the "present right to possession" of the collateral, 15 U.S.C. § 1692f(6)(A), Torres Towing's repossession of Mr. Brown's car violated the FDCPA. Accordingly, the district court erred in dismissing Mr. Brown's FDCPA claim.

## III. Dismissal of the state-law claims should be reversed.

Having dismissed Mr. Brown's FDCPA claim, the district court declined to exercise jurisdiction over and dismissed the state-law claims that remained at that time—specifically, claims of conversion and

trespass to chattels against Torres Towing and claims of conversion, trespass to chattels, and violation of the Uniform Commercial Code against MVTRAC, SAFCO, and SPV 1. JA006, JA008, JA056–058. Because dismissal of the FDCPA claim should be reversed, dismissal of those state-law claims should be reversed as well.

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court's dismissal of Mr. Brown's FDCPA claim and the district court's dismissal of state-law claims based on its decision not to exercise supplemental jurisdiction.

Respectfully submitted,

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum
Nandan M. Joshi
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Dale W. Pittman
The Law Office of
Dale W. Pittman, P.C.
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000

Leonard A. Bennett
Craig C. Marchiando
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, VA 23601
(757) 930-3660

*Counsel for Plaintiff-Appellant*

August 31, 2026

## REQUEST FOR ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34(a) and Local Rule 34(a), Jordan Brown respectfully requests oral argument. This case presents an important issue of statutory interpretation concerning the interaction of the FDCPA and state law. This Court has not yet addressed the issue, and the district court's interpretation is contrary to that of the vast majority of courts to address the relationship between the FDCPA and similar state-law language, including the Seventh Circuit—the only federal court of appeals to have addressed the issue. Mr. Brown believes that oral argument will assist the Court in deciding the issue and resolving the case.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B). As calculated by my word processing software (Microsoft Word for Office 365), the brief contains 4,106 words, not counting the parts of the brief excluded by Federal Rule of Appellate Procedure 32(f). The brief also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). The brief is composed in a 14-point proportional typeface, Century Schoolbook.

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum