**No. 26-1555**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

JORDAN BROWN,
*Plaintiff-Appellant*,

vs.

SOUTHERN AUTO FINANCE COMPANY, LLC d/b/a SAFCO; SAFCO WAREHOUSE SPV 1, LLC; TORRES TOWING, LLC; MVCONNECT INC. f/k/a MVCONNECT, LLC a/k/a MVTrac,
*Defendants-Appellees*.

---

On Appeal from the United States District Court
for the Eastern District of Virginia, Newport News Division
No. 4:24-CV-00128-RAJ-LRL

---

# JOINT BRIEF OF APPELLEES

---


Jeffrey B. Kuykendal
McAngus Goudelock & Courie, PLLC
Post Office Box 30307
Charlotte, North Carolina 28230
(704) 643-6303
jeffrey.kuykendal@mgclaw.com

W. Benjamin Woody
McAngus Goudelock & Courie, PLLC
1925 Ballenger Avenue, Suite 560
Alexandria, Virginia 22314
(703) 822-4775
ben.woody@mgclaw.com

*Counsel for Torres Towing*

John T. Bergin
Kilpatrick Townsend & Stockton LLP
701 Pennsylvania Ave. NW, Suite 200
Washington, D.C. 20004
(202) 481-9942
jbergin@ktslaw.com

Timothy E. Taylor
Kilpatrick Townsend & Stockton LLP
2001 Ross Ave., Suite 4400
Dallas, Texas 75201
(214) 922-7100
ttaylor@ktslaw.com

*Counsel for SAFCO and MVConnect*

# TABLE OF CONTENTS

Table of Authorities ........................................................................................ iii

Statement of the Issues ........................................................................................1

Statement of the Case ..........................................................................................1

A. The Loan, the Security Interest, and Appellant's Default 19837 .............1

B. The Repossession ..........................................................................................2

C. The Proceedings Below...................................................................................2

Summary of the Argument .................................................................................4

Standard of Review ..............................................................................................5

Argument ..............................................................................................................6

A. The Appellees had a "Present Right to Possession" Under 15 U.S.C. § 1692f(6) because Virginia Law Confers that Right upon Default.............................................................................................6

B. The FDCPA claims fail because there was no Breach of the Peace…..10

C. The District Court did not Abuse its Discretion in Declining Supplemental Jurisdiction over the State-Law Claims..........................12

Conclusion ...........................................................................................................13

Certificate of Compliance ..................................................................................15

Certificate of Service ..........................................................................................16

## TABLE OF AUTHORITIES

**Cases**

*Clarin v. Minnesota Repossessors, Inc.,* 198 F.3d 661 (8th Cir. 1999)....................11

*Eley v. Evans*, 476 F.Supp.2d 531 (E.D. Va. 2007)..................................................4

*Fiecke-Stifter v. MidCountry Bank*, 170 F.4th 1120 (8th Cir. 2026)...........................6

*Greenhouse v. MCG Capital Corp.*, 392 F.3d 650 (4th Cir. 2004)............................5

*Henderson v. Harmon*, 102 F.4th 242 (4th Cir. 2024)...................................6, 12, 13

*Lawrence v. Intermountain, Inc.*, 243 P.3d 508 (Utah Ct. App. 2010) *cert denied*, 247 P.3d 774 (Utah 2011).........................................................................8

*Mahdavi v. NextGear Capital, Inc.*, 2015 U.S. Dist. LEXIS 44356 (E.D. Va. 2015).........................................................................................................11

*McCarthy v. First Credit Res., Inc.*, 702 F. Supp. 3d 366 (W.D. Pa. 2023) ......10,11

*Oehrlein v. Western Funding, Inc.*, 1999 U.S. Dist. LEXIS 17919 (D. Minn. 1999)...........................................................................................................8

*Orix Credit Alliance, Inc. v. Young Express, Inc.*, 2002 U.S. App. LEXIS 17602 (4th Cir. 2002)............................................................................................8

*Ross v. R.A. North Dev., Inc.*, 706 F.2d 245 (4th Cir. 2013) .....................................5

*Shanaghan v. Cahill*, 58 F.3d 106 (4th Cir. 1995)..................................................13

*Tankersley v. Almand*, 837 F.3d 390 (4th Cir. 2016)..................................................5

*Thompson v. First State Bank*, 709 N.W.2d 307 (Minn. Ct. App. 2006)................11

*Universal Credit Co. v. Taylor*, 164 Va. 624, 180 S.E. 277 (1935)..........................9

*Wallace v. Chrysler Credit Corp.*, 743 F. Supp. 1228 (W.D. Va. 1990) .............8,11

*Zinone v. Lee's Crossing Homeowners Ass'n*, 282 Va. 330, 714 S.E.2d 922 (2011) ........ 8

**Rules/Statutes**

15 U.S.C. § 1692f(6) ........ 1,4,6

Va. Code § 8.9A-601 ........ 7

Va. Code § 8.9A-602 ........ 7

Va. Code § 8.9-609 ........ 4,6,7,8,9,10

Va. Code § 8.9A-624 ........ 7

## STATEMENT OF THE ISSUES

The issues in this appeal are fairly straightforward. There are two questions. First, whether the District Court erred in dismissing the Fair Debt Collection Practices Act ("FDCPA") claims asserted against Appellees MVConnect and Torres Towing under 15 U.S.C. § 1692f(6)(A) when Appellant was in default, the SAFCO Defendants held an enforceable security interest, Virginia law conferred on the secured party and its agents the "present right to possession," and there was no breach of the peace by Torres Towing. Second, whether the District Court abused its discretion in declining to exercise supplemental jurisdiction over the state-law claims after correctly dismissing the sole federal claim.

## STATEMENT OF THE CASE

### A. The Loan, the Security Interest, and Appellant's Default.

On July 11, 2020, Appellant purchased a used 2018 Nissan Altima (the "Vehicle") from H&R Auto Motors in San Antonio, Texas, and signed a Motor Vehicle Retail Installment Contract and Security Agreement (the "Security Agreement") requiring him to make payments on the loan. JA029-060 at ¶¶ 28-29. The Security Agreement granted a security interest in the vehicle and permitted repossession upon default. JA079-084. H&R assigned the loan to Southern Auto Finance Company, LLC, d/b/a SAFCO ("SAFCO"), which assigned the loan to its affiliate, SAFCO Warehouse SPV 1, LLC ("SPV 1") (SAFCO and SPV 1,

collectively, the "SAFCO Defendants"), but SAFCO retained the collection rights and contracted with MVConnect, Inc. a/k/a MVTrac ("MVConnect") to manage repossessions. MVConnect in turn contracted with Appellee Torres Towing, LLC ("Torres Towing") to tow vehicles in default. JA029-060 at ¶¶ 30-31 & 34. Appellant does not dispute that he later fell into default. JA029-060 at ¶ 34; Appellant's Brief at p 7. Torres Towing, MVConnect, and the SAFCO Defendants are referred to collectively as the "Appellees."

**B. The Repossession.**

On March 20, 2024, at approximately 3:00 a.m. in Hampton, Virginia, Torres Towing hooked the Vehicle to its tow truck while Appellant alleges he was inside the Vehicle. JA029-060 at ¶¶ 35-36. After the Vehicle was lifted from the ground, Appellant objected to the towing and demanded that Torres Towing "unhook" the Vehicle. JA029-060 at ¶¶ 38-39. Torres Towing called the Hampton Police Department, who removed Appellant from the Vehicle and Torres Towing left with the Vehicle. JA029-060 at ¶¶ 39-40. Appellant does not allege Torres Towing used any force, threat, or violence toward him during the repossession. JA029-060.

**C. The Proceedings Below.**

On December 16, 2024, Appellant filed his amended complaint. JA029-060.

On April 28, 2025, the District Court granted the motion to dismiss filed by the SAFCO Defendants and MVConnect, Inc. f/k/a MVConnect, LLC a/k/a MVTrac

("MVConnect"), dismissing Count I of the Amended Complaint (the promissory-estoppel claim) and denying leave to amend. JA069-076.

On June 30, 2025, Torres Towing filed a motion to dismiss the pending claims against it. JA077-078. At that time, the only pending claims against Torres Towing were an FDCPA claim and Virginia state law claims for conversion and trespass to chattels. JA029-060 at ¶¶ 76-78, 107-114.

On September 29, 2025, the District Court granted Torres Towing's motion to dismiss holding that under Virginia Code § 8.9-609, Torres Towing, acting at the behest of SAFCO, had a "present right of possession" when it towed the Vehicle. JA001-008. Having dismissed the sole federal claim, the District Court declined to exercise supplemental jurisdiction over the state law claims and dismissed them without prejudice. JA001-008.

On October 1, 2025, the District Court dismissed the FDCPA claim against MVConnect for the reasons stated in its order dismissing the FDCPA claim against Torres Towing, declined to exercise supplemental jurisdiction over the remaining state-law claims, and closed the case. JA009.

On April 2, 2026, the District Court denied Appellant's motion to alter or amend, for leave to file a second amended complaint, and to certify questions to the Supreme Court of Virginia. JA010-018. In reaffirming its decision, the District Court explained that it "did not determine whether a breach of the peace constitutes

a violation of Virginia law or whether there was a breach of the peace in this case" because Virginia Code § 8.9-609's reference to breach of the peace "simply relates to the limitations on the matter in which a secured party may effectuate their present right to repossess collateral." JA010-018.

## SUMMARY OF THE ARGUMENT

This appeal turns on a single, straightforward question of statutory construction and the District Court answered it correctly.

The FDCPA makes it unlawful for a security interest enforcer to take nonjudicial action to repossess collateral only "if…there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A); *Eley v. Evans*, 476 F.Supp.2d 531, 534 n.8 (E.D. Va. 2007). Whether a repossessor has a "present right to possession" is a question of state law. Virginia law is clear. Under Virginia Code § 8.9A-609(a), "[a]fter default, a secured party…may take possession of the collateral." The next subsection provides that a secured party "may proceed under subsection (a)" either by judicial process "or…without judicial process, if it proceeds without breach of the peace." *See* Va. Code. § 8.9A-609(b). By its terms, the "breach of the peace" clause limits the *manner* in which a secured party may exercise the right that default has already created; it is not a condition on whether the right exists. As Appellant has conceded he was in default, the SAFCO Defendants had a "present right to

possession," and their agents, including MVConnect and Torres Towing, shared that right. Accordingly, Appellant's FDCPA claims fail as a matter of law.

Moreover, even if a repossessor could lose its "present right to possession" of a vehicle upon a breach of the peace, here, there was no breach of the peace. Thus, Torres Towing maintained a "present right to possession" and the FDCPA claims against Torres Towing and MVConnect would still fail as a matter of law.

Having correctly dismissed the federal claims against Torres Towing and MVConnect, the District Court acted within its "wide latitude" in declining supplemental jurisdiction over the remaining state-law claims and dismissing them without prejudice.

Put simply, the decision of the District Court should be affirmed.

## STANDARD OF REVIEW

This Court reviews a Rule 12(b)(6) dismissal de novo. *See Ross v. R.A. North Dev., Inc.*, 706 F.2d 245, 250 (4th Cir. 2013). Because review is de novo, this Court "may affirm on any grounds supported by the record, notwithstanding the reasoning of the district court." *Tankersley v. Almand*, 837 F.3d 390, 395 (4th Cir. 2016). The Court is "not compelled to address whether the district court reached its decision in the correct fashion, so long as" the result "is supported by the record." *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 660 (4th Cir. 2004).

The district court's decision to decline supplemental jurisdiction is reviewed only for abuse of discretion. *See Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024).

## ARGUMENT

### A. The Appellees had a "Present Right to Possession" Under 15 U.S.C. § 1692f(6) because Virginia Law Confers that Right upon Default.

The FDCPA generally does not apply to businesses whose only role is the enforcement of security interests. Such repossession agents are "debt collectors" subject to the Act only as to 15 U.S.C. § 1692f(6), and the only portion of that provision at issue here is subsection (A). *See Eley*, 476 F.Supp.2d at 534 n.8. Section 1692f(6)(A) prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if…there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). As the FDCPA does not define "present right to possession," the Court must look to the applicable state law. *See Fiecke-Stifter v. MidCountry Bank*, 170 F.4th 1120, 1126 (8th Cir. 2026) ("[b]ecause the FDCPA does not define a present right to possession, this court looks to state law to determine whether the security-interest enforcer had that right at the time of taking any action to foreclose.")

Virginia Code § 8.9A-609 answers what a "present right to possession" is directly. Subsection (a) states the substantive right: "[a]fter default, a secured

party…may take possession of the collateral." Va. Code. § 8.9-609(a). That right is triggered by default alone, with no reference to breach of the peace. Subsection (b) then addresses how the right may be exercised. "A secured party may proceed under subsection (a): (1) pursuant to judicial process; or (2) without judicial process, if it proceeds without breach of the peace." Va. Code § 8.9A-609(b). The structure is unmistakable. The right to possess arises under subsection (a) upon default. Subsection (b) prescribes the permissible *methods* –judicial process, or nonjudicial self-help conducted without a breach of the peace – by which the secured party "may proceed under subsection (a)." Virginia's default enforcement scheme confirms the point: "[a]fter default, a secured party has the rights provided in this part and…those provided by agreement of the parties." Va. Code § 8.9A-601(a).

Moreover, the Virginia General Assembly knew how to express when a party waives its rights in the event of a default. *See* Va. Code § 8.9A-602 (describing portions of Va. Code § 8.9A where waiver is not permissible); § 8.9A-624 (describing the method of a waiver under portions of Va. Code § 8.9A). In fact, the General Assembly expressly noted that the parties could not waive the obligation that the manner of nonjudicial repossession be done without a breach of the peace. *See* Va. Code § 8.9A-602(6). However, importantly, it did not indicate that the right to take possession of the collateral upon default is waived or abrogated by any alleged breach of peace. *See* Va. Code § 8.9A-602. The absence of any language

indicating a waiver of the right to possession in the event of a breach of the peace, was both intentional and telling. *See Zinone v. Lee's Crossing Homeowners Ass'n*, 282 Va. 330, 337, 714 S.E.2d 922, 925 (2011) ("when the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the different in choice of language was intentional.").

This Court has read the Virginia statute the same way. *See Orix Credit Alliance, Inc. v. Young Express, Inc.*, 2002 U.S. App. LEXIS 17602 (4th Cir. 2002). In *Orix Credit*, the Court explained that Va. Code § 8.9A-609 governs "the time at which the secured party's right of possession attaches." *Id.* at * 8; *see also Wallace v. Chrysler Credit Corp.*, 743 F. Supp. 1228, 1231 (W.D. Va. 1990) ("upon default a secured party may repossess the collateral without judicial process 'if this can be done without breach of the peace.'"); *Oehrlein v. Western Funding, Inc.*, 1999 U.S. Dist. LEXIS 17919 at * 13 (D. Minn. 1999) ("a breach of peace may limit the manner in which repossession may be effected but it does not abrogate the right to present possession"); *Lawrence v. Intermountain, Inc.*, 243 P.3d 508, 515 (Utah Ct. App. 2010) *cert denied*, 247 P.3d 774 (Utah 2011) (court held the Utah version of section 609 "does not state that the *right* to possession is affected by a breach of the peace" and that someone "causing a breach of peace when faced with repossession does not

somehow convert his wrongful possession into lawful possession.") (emphasis in original).

Beyond the statutory language and intent, long ago the Supreme Court of Virginia also adopted the understanding that a right of possession exists upon default. *See Universal Credit Co. v. Taylor*, 164 Va. 624, 180 S.E. 277 (1935). In *Universal Credit*, the Virginia Supreme Court held that, after the buyer defaulted, "the seller was entitled to reclaim the truck," and that "[t]he right to possession of chattels may be exercised without recourse to the courts, provided this can be done peaceably." *Id*. at 630, 180 S.E. at 280. Critically, the court explained that "[i]t is only when a right of one is denied or resisted by another, that such party must resort to appropriate legal proceedings to enforce that right." *Id.* at 631, 180 S.E. at 280. The possessory right thus flows from default and the contract; peaceableness governs only *how* the right may be exercised. Resistance forces the secured party to a judicial process rather than extinguishing the right itself.

Put simply, the default creates the right regardless of the manner of repossession.

Appellant's arguments collapse the two distinct concepts that Va. Code § 8.9A-609 keeps separate. He contends that the moment a breach of the peace occurs, the secured party loses its "present right to possession" and any repossession that follows violates the FDCPA. However, the statute does not say that. *See* Va. Code

§ 8.9A-609. Moreover, Appellant fails to cite to a single case, which holds that the "present right to possession" under Virginia law is contrary to the express language in § 8.9A-609, which, as noted above, gives the *right* of possession upon default regardless of the *manner* of obtaining possession. To hold otherwise, would rewrite the Virginia statute. It would convert subsection (b)'s manner limitation into a substantive forfeiture of the subsection (a) right – reading the two subsections as one and depriving subsection (a) of independent meaning.

Applying a framework that gives independent effect to both subsections of Va. Code § 8.9A-609 and gives effect to every word of the statute, the District Court's dismissal was unquestionably correct. Appellant has conceded he was in default. There is no dispute that the SAFCO Defendants held an enforceable security interest that permitted repossession upon default, and that MVConnect and Torres Towing acted at the SAFCO Defendants' behest in carrying out the repossession. Thus, the secured party and its agents had a "present right to possession," and Appellant's FDCPA claims against MVConnect and Torres Towing fail as a matter of law.

**B. The FDCPA claim fails because there was no Breach of the Peace.**

Even if a breach of the peace extinguished the "present right of possession," there was no breach of the peace in this case. Evaluation of a breach of peace focuses on the actions of the repossession agent, here Torres Towing. *See McCarthy v. First*

*Credit Res., Inc.*, 702 F. Supp. 3d 366, 369 (W.D. Pa. 2023) (court dismissed a complaint alleging a breach of peace because that law only imposes liability where the defendant, not the plaintiff, breaches the peace). Here, according to Appellant's own allegations, Torres Towing had accomplished the repossession of the Vehicle without incident before Appellant protested or alleged any breach of peace occurred. *See Mahdavi v. NextGear Capital, Inc.*, 2015 U.S. Dist. LEXIS 44356 at * 7-8 (E.D. Va. 2015) (Court held that once the vehicle was hooked up to the tow truck, the repossessor had dominion and control of the vehicle, which was before any contact with the debtor); *Thompson v. First State Bank*, 709 N.W.2d 307, 311 (Minn. Ct. App. 2006) (Court held there was no breach of the peace when the repossessor hooked the vehicle to the tow truck and lifted its wheels before having contact with the debtor).

Once Torres Towing completed the repossession, Appellant's protests were of no consequence. *See Wallace*, 743 F. Supp. at 1232 ("[o]nce a creditor has gained sufficient dominion over his collateral, objection by the debtor will be of no avail."); *McCarthy*, 702 F. Supp. 3d at 369 ("[t]he taking of a vehicle over the oral objection of the owner, however, strenuous, is not a breach of the peace unless accompanied by factors indicating that the activities of the repossession agent are of a kin likely to cause violence, or public distress and/or consternation."); *Clarin v. Minnesota Repossessors, Inc.,* 198 F.3d 661, 664 (8th Cir. 1999) (finding oral protests to

repossession are insufficient because "to rule otherwise would be to invite the ridiculous situation whereby a debtor could avoid a lawful self-help repossession by merely stepping out of his house and yelling once at a nonresponsive repossessor.").

Here, Torres Towing hooked up the Vehicle and lifted it off the ground before having any contact with Appellant. There are no allegations Torres Towing used force, threats, or violence against Appellant. The only allegations are that Torres Towing called the authorities to address the situation and the authorities removed Appellant from the Vehicle and Torres Towing left. Put simply, Torres Towing did not breach the peace.

### C. The District Court did not Abuse its Discretion in Declining Supplemental Jurisdiction over the State-Law Claims.

Once the District Court correctly dismissed the FDCPA claims against Torres Towing and MVConnect, its decision to decline supplemental jurisdiction over the remaining state-law claims, including the claims against the SAFCO Defendants, was appropriate. *See Henderson*, 102 F.4th at 251 ("when a district court dismisses all federal claims in the early stages of litigation…it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice.")

The governing factors, including "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy," are the very factors the District Court weighed here. *See*

*Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). As the District Court weighed those factors, there is no basis to find an abuse of discretion. *See id*. (holding that trial courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."); *Henderson*, 102 F.4th at 252 (holding that even a "brief" acknowledgment of the factors "satisf[ies]…abuse-of-discretion review."

Appellant does not argue otherwise. His only argument appears to be that the state-law dismissals should be reversed *if* the FDCPA dismissals are reversed. *See* Appellant's Brief at p 20. Given that the FDCPA dismissals were proper, that derivative argument fails with them.

## CONCLUSION

For the reasons stated above, this Court should affirm the District Court's dismissal of Appellant's claims against the Appellees.

Respectfully submitted this the 30th day of September, 2026.

/s/ Jeffrey B. Kuykendal
Jeffrey B. Kuykendal
McANGUS GOUDELOCK & COURIE, PLLC
Post Office Box 30307
Charlotte, North Carolina 28230
(704) 643-6303
jeffrey.kuykendal@mgclaw.com

W. Benjamin Woody
McANGUS GOUDELOCK & COURIE, PLLC
1925 Ballenger Avenue, Suite 560
Alexandria, Virginia 22314
(703) 822-4775
ben.woody@mgclaw.com

*Counsel for Defendant-Appellee Torres Towing*

/s/ John T. Bergin

John T. Bergin
KILPATRICK TOWNSEND & STOCKTON LLP
701 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20004
(202) 481-9942
jbergin@ktslaw.com

Timothy E. Taylor
KILPATRICK TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400,
Dallas, TX 75201
(214) 922-7100
ttaylor@ktslaw.com

*Counsel for Defendant-Appellees MVConnect and SAFCO*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains fewer than 13,000 words. This document complies with the typeface requirements because it has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Times New Roman.

/s/ John T. Bergin
John T. Bergin

## CERTIFICATE OF SERVICE

I hereby certify that on the above date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
112-A West Tabb Street
Petersburg, Virgina 23803
Email: dale@pittmanlawoffice.com

Leonard A. Bennett
Craig C. Marchiando
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, Virginia 23601
Email: lenbennett@clalegal.com
Email: craig@clalegal.com

Adina H. Rosenbaum
Nandan M. Joshi
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
Email: arosenbaum@citizen.org
Email: njoshi@citizen.org

KILPATRICK TOWNSEND & STOCKTON LLP
By: John T. Bergin
John T. Bergin
Tim Taylor
Kilpatrick Townsend & Stockton LLP
701 Pennsylvania Avenue, NW Suite 200,
Washington, DC 20004
(202) 481-9942
jbergin@ktslaw.com
ttaylor@ktslaw.com
*Counsel for Defendant-Appellees MVConnect and SAFCO*