No. 26-1555

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

JORDAN BROWN,
Plaintiff-Appellant,

v.

SOUTHERN AUTO FINANCE COMPANY, LLC, d/b/a SAFCO; SAFCO WAREHOUSE SPV 1, LLC; TORRES TOWING, LLC; MVCONNECT INC., f/k/a MVConnect, LLC, a/k/a MVTRAC,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, Newport News Division

# APPELLANT'S REPLY


Dale W. Pittman
The Law Office of
Dale W. Pittman, P.C.
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000

Adina H. Rosenbaum
Nandan M. Joshi
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Leonard A. Bennett
Craig C. Marchiando
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, VA 23601
(757) 930-3660

*Counsel for Plaintiff-Appellant*


October 21, 2026

## TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

ARGUMENT .......... 3

I. Debt collectors in Virginia violate the FDCPA if they repossess collateral without judicial process through a breach of the peace. .......... 3

II. Torres Towing breached the peace. .......... 9

III. The Court should reverse the dismissal of the state-law claims. .......... 14

CONCLUSION .......... 14

CERTIFICATE OF COMPLIANCE .......... 16

CERTIFICATE OF SERVICE .......... 17

## TABLE OF AUTHORITIES

**Cases** **Page(s)**


*Clarin v. Minnesota Repossessors, Inc.*,
198 F.3d 661 (8th Cir. 1999) ........................................................12

*Darren Trucking Co. v. Paccar Financial Corp.*,
No. GJH-18-3936, 2019 WL 3945103
(D. Md. Aug. 20, 2019) ................................................................13

*First & Farmers Bank of Somerset v. Henderson,*
763 S.W.2d 137 (Ky. Ct. App. 1988)..............................................11

*Hansen v. Santander Bank, N.A.*,
689 F. Supp. 3d 679 (D. Minn. 2023) ..........................................9, 11

*Hart v. North Star Recovery, LLC*,
No. 1:25-CV-480, 2026 WL 2568334
(W.D. Mich. Aug. 31, 2026) ....................................................12, 13

*Marcus v. McCollum*,
394 F.3d 813 (10th Cir. 2004) ......................................................12

*Orix Credit Alliance Inc. v. Young Express, Inc.*,
43 F. App'x 650 (4th Cir. 2002) ...................................................5, 6

*Richards v. PAR, Inc.*,
954 F.3d 965 (7th Cir. 2020) ......................................................5, 14

*Roberts v. Image Recovery Service, Inc.*,
810 F. Supp. 3d 1007 (S.D. Ill. 2025) .........................................9, 10

*Shue v. JMAC Distribution, LLC*,
745 F. Supp. 3d 3 (D. Mass. 2024) ................................................10

*Thomas v. General Motors Financial Co.*,
No. 5:19-CV-1418-DAE, 2020 WL 8771387
(W.D. Tex. Mar. 18, 2020) .............................................................10

*Universal Credit Co. v. Taylor*,
164 Va. 624, 180 S.E. 277 (1935) ...............................................6, 13

*Wallace v. Chrysler Credit Corp.*,
743 F. Supp. 1228 (W.D. Va. 1990)...................................10, 11, 12

**Statutes**

15 U.S.C. § 1692f(6)(A)........................................................1, 2, 3, 4, 5, 8

Va. Code § 8.9-503 (2000)..........................................................................6

Va. Code § 8.9A-609 ..........................................................3, 4, 5, 6, 7, 8

Va. Code § 8.9A-609(a) ..........................................................................3, 4, 7

Va. Code § 8.9A-609(b) ..........................................................3, 4, 5, 7, 8

**Other Authorities**

Uniform Commercial Code § 9-609...........................................................3

## INTRODUCTION

Under Virginia law, a debt collector proceeding without a court order may not take possession of collateral if there is a breach of the peace. Nonetheless, Torres Towing repossessed Jordan Brown's car without a court order after breaching the peace. By taking possession of the vehicle when it was not allowed to do so, Torres Towing—and MVTRAC, on whose behalf it was acting—violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692f(6)(A), which prohibits debt collectors from taking nonjudicial action to dispossess collateral without a "present right to possession of the property."

Appellees concede that the FDCPA looks to state law to determine whether the debt collector has a present right to possession of the collateral. They contend, however, that the provision of Virginia law forbidding self-help repossession when there is a breach of the peace does not affect whether the debt collector has a present right to possession of the collateral. But under that provision, once the peace is breached, the debt collector must stop the repossession. That is, it may not, at that moment, take possession of the collateral. Because the repossessor does not have the right to take possession of the collateral at that moment, it

lacks the "present right to possession" of the collateral, and its repossession violates the FDCPA. *Id.*

Appellees also contend that there was no breach of the peace. As Mr. Brown's opening brief explained, however, Torres Towing hooked Mr. Brown's car to its tow truck while Mr. Brown was inside the vehicle, repossessed the car over Mr. Brown's objections, and called law enforcement to assist with its self-help repossession. Each of these actions constitutes a breach of the peace, and each occurred before the repossession was complete.

Because Torres Towing took possession of Mr. Brown's car after a breach of the peace, it lacked a present right to possess the vehicle, and the repossession violated the FDCPA. Accordingly, this Court should reverse the district court's dismissal of Mr. Brown's FDCPA claim, along with the dismissal of the state-law claims over which the district court declined to exercise supplemental jurisdiction after dismissing the FDPCA claim.

## ARGUMENT

**I. Debt collectors in Virginia violate the FDCPA if they repossess collateral without judicial process through a breach of the peace.**

The FDCPA, 15 U.S.C. § 1692f(6)(A), prohibits debt collectors from taking collateral through a nonjudicial action if "there is no present right to possession of the property." The parties agree that, because the term "present right to possession" is not defined in the FDPCA, state law determines whether the debt collector has a present right to possess the collateral. *See* Jt. Br. of Appellees (Appellees' Br.) 6.

The parties also agree that the relevant state law is Virginia Code § 8.9A-609, Virginia's codification of Uniform Commercial Code (UCC) § 9-609. *See* Appellees' Br. 6. That statute provides that, after default, a secured party "may take possession of the collateral," Va. Code § 8.9A-609(a), and that it may do so either "pursuant to judicial process" or "without judicial process, if it proceeds without breach of the peace," *id.* § 8.9A-609(b). As Mr. Brown explained in his opening brief (at 12–13), because a secured party who is acting without judicial process may take possession of the collateral only if it proceeds without breach of the peace, once the peace is breached, the secured party may not take possession of

the collateral. And because such a secured party does not have the right to take possession of the collateral at that moment, the secured party does not have a "present right to possession" of the collateral, 15 U.S.C. § 1692f(6)(A), and a debt collector enforcing that security interest violates the FDCPA if it proceeds with the repossession.

Appellees contend that section 8.9A-609(b)'s provision on breaches of the peace governs only the method by which a secured party may enforce its right to take possession of property, not whether the secured party has such a right. *See* Appellees' Br. 7. As Mr. Brown explained in his opening brief (at 13–14), however, that argument ignores the consequences of a breach of the peace: Once there is a breach of the peace, the secured party must cease the repossession; it may not take possession of the collateral at that moment. It would be passing strange to hold that a secured party has a present right to possession of collateral—given to it by a statute governing when it "may take possession of the collateral," Va. Code. § 8.9A-609(a)—when it does not have the right at that moment to take possession of the collateral.

Unsurprisingly, upon considering language identical or nearly identical to section 8.9A-609, the overwhelming majority of courts—

including the only federal court of appeals to have addressed the issue, *Richards v. PAR, Inc.*, 954 F.3d 965 (7th Cir. 2020)—have held that a debt collector that repossesses collateral after a breach of the peace lacks a "present right to possession" of the collateral under the FDCPA, 15 U.S.C. § 1692f(6)(A). *See* Appellant's Br. at 14–15 & n.1.

Contrary to Appellees' arguments, the "absence of any language indicating a waiver of the right to possession in the event of a breach of the peace," Appellees' Br. 7–8, is irrelevant. Appellees did not *waive* a right to take possession of the collateral. They never had a right to take possession of the collateral without a court order when there was a breach of the peace. And the Virginia Code does not need additional language stating that a secured party lacks the present right to possession when there is a breach of the peace; it already contains section 8.9A-609(b), which makes clear that a secured party acting without judicial process may not take possession of the collateral once the peace is breached.

*Orix Credit Alliance Inc. v. Young Express, Inc.*, 43 F. App'x 650 (4th Cir. 2002), does not help Appellees. In *Orix*, this Court held that a secured party does not need to attempt self-help repossession before suing for conversion. Appellees cite *Orix*'s statement that Virginia Code

§ 8.9-503 (2000), the precursor to section 8.9A-609, governs "the time at which the secured party's right of possession attaches." Appellees' Br. 8 (citing *Orix*, 43 F. App'x at 654). But *Orix* did not address a secured party's right to take possession of collateral once the peace is breached because, in that case, there was no repossession or breach of the peace; instead, the secured party proceeded through the judicial process by filing an action. *See Orix*, 43 F. App'x at 653.

Likewise, *Universal Credit Co. v. Taylor*, 164 Va. 624, 180 S.E. 277 (1935), does not help Appellees. Rather, it supports Mr. Brown. There, in the course of rejecting the argument that a secured party needed to go to court to repossess collateral, the Virginia Supreme Court explained that the "right to possession of chattels may be exercised without recourse to the courts, provided this can be done peaceably. It is only when a right of one is denied or resisted by another, that such party must resort to appropriate legal proceedings to enforce that right." *Id.* at 630–31, 180 S.E. at 280. Appellees contend that *Universal Credit Co.* stands for the proposition that "[r]esistance forces the secured party to a judicial process rather than extinguishing the right itself." Appellees' Br. 9. The question here, however, is not whether a secured party has the right to

take possession of collateral with a court order or whether it is entitled to such a court order. The question is whether it has a *present* right to possession of the collateral after a breach of the peace but before it obtains a court order. By explaining that a secured party must go to court if its right to possession is denied or resisted by another, *Universal Credit Co.* supports the conclusion that, once the peace is breached, a secured party may not take possession of the collateral and thus does not have the present right to possess it.

Appellees err in arguing that Mr. Brown's interpretation deprives subsection (a) of section 8.9A-609 "of independent meaning." Appellees' Br. 10. That subsection provides that a secured party "may take possession of the collateral" after default. Va. Code § 8.9A-609(a). Subsection (b) then qualifies the right to take possession of the collateral, explaining that the secured party may do so "pursuant to judicial process; or … without judicial process, if it proceeds without breach of the peace." *Id.* § 8.9A-609(b). That subsection (b) cabins the secured party's right to take possession of the collateral—making clear that the secured party does not have the right to take possession without judicial process once

there is a breach of the peace—does not deprive the general right in subsection (a) of meaning.

Indeed, it is Appellees' interpretation of the statute, rather than Mr. Brown's, that fails to "give[] effect to every word of the statute." Appellees' Br. 10. Appellees seem to interpret subsection (a) to give the secured party the right to take possession of the collateral at any point after default, even if it lacks a court order and breaches the peace. That interpretation deprives subsection (b) of all meaning, because that subsection allows a secured party to take possession of the collateral only either with a court order or without a court order "if it proceeds without breach of the peace." Va. Code § 8.9A-609(b).

In short, under Virginia Code § 8.9A-609, once the peace is breached, a debt collector attempting a self-help repossession does not have the right to continue the repossession and take possession of the collateral. The debt collector thus lacks the "present right to possession" of the collateral, and by continuing the repossession, it violates the FDCPA, 15 U.S.C. § 1692f(6)(A).

## II. Torres Towing breached the peace.

Appellees contend that Torres Towing did not breach the peace in repossessing Mr. Brown's car. Their primary argument on this point is that because Torres Towing hooked Mr. Brown's car to its tow truck before Mr. Brown objected to the repossession, it had "accomplished the repossession of the Vehicle without incident before Appellant protested or alleged any breach of peace occurred," and "[o]nce Torres Towing completed the repossession, Appellant's protests were of no consequence." Appellees' Br. 11. Appellees' argument fails for two reasons.

First, Torres Towing's hooking of Mr. Brown's vehicle to its tow truck while Mr. Brown was inside the vehicle was in and of *itself* a breach of the peace—one that unquestionably occurred before Torres Towing completed the repossession. *See*, *e.g.*, *Roberts v. Image Recovery Serv., Inc.*, 810 F. Supp. 3d 1007, 1012 (S.D. Ill. 2025) ("[S]tarting to repossess Plaintiff's vehicle while it was occupied [was] a breach of the peace as defined by Section 9-609."); *Hansen v. Santander Bank, N.A.*, 689 F. Supp. 3d 679, 690 (D. Minn. 2023) ("A factfinder could plausibly find that lifting the rear tires while Plaintiff was still inside the Vehicle was a

breach of the peace even without an objection from the Plaintiff."); *Thomas v. Gen. Motors Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 WL 8771387, at *4 (W.D. Tex. Mar. 18, 2020) ("Plaintiff has sufficiently alleged that [the repossession agent] did not have a 'present right' to possession when it towed the Vehicle when she was inside of it, thereby committing a breach of the peace."). As Mr. Brown explained in his opening brief (at 17), starting to repossess a vehicle while a person is inside it "creates a high risk of injury and increases the probability for violence." *Roberts*, 810 F. Supp. 3d at 1012. It thus "plainly constitute[s] the kind of hazard resulting from confrontation during self-help repossession that the UCC seeks to avoid, and which courts have determined [is] dangerous and constitute[s] a breach of the peace." *Shue v. JMAC Distribution, LLC*, 745 F. Supp. 3d 3, 8 (D. Mass. 2024). Notably, although Mr. Brown explained in his opening brief that Torres Towing's hooking of his car to a tow truck while he was inside the car was itself a breach of the peace, Appellees do not address this argument.

Second, Torres Towing did *not* complete the repossession before Mr. Brown objected. Appellees cite *Wallace v. Chrysler Credit Corp.*, 743 F. Supp. 1228, 1233 (W.D. Va. 1990), for the proposition that, "[o]nce a

creditor has gained sufficient dominion over his collateral, objection by the debtor will be of no avail," Appellees' Br. 11, and contend that Torres Towing gained dominion over Mr. Brown's car when Torres Towing hooked the vehicle to its tow truck. But Mr. Brown was *inside* the vehicle when Torres Towing hooked it up, JA039, and a repossession is not complete so long as the vehicle is still occupied. *See Hansen*, 689 F. Supp. 3d at 690–91 (rejecting the argument that the repossession was complete when the tow truck lifted the vehicle, where the plaintiff was inside the vehicle when it was lifted); *cf. Wallace*, 743 F. Supp. at 1233 (in discussing sufficient dominion, citing *First & Farmers Bank of Somerset v. Henderson,* 763 S.W.2d 137, 139 & fn. 3 (Ky. Ct. App. 1988), as holding that "bank employees who had removed debtor's boat from his open garage but who were stopped by debtor before they could get out of his driveway had not obtained sufficient dominion to preclude objection"). Appellees do not cite a single case holding that hooking a car to a tow truck gives the towing company dominion over the vehicle even when someone is inside the vehicle at the time.

Mr. Brown did not leave the car—and thus Torres Towing did not obtain dominion over it—until after he objected to the tow and after

Torres Towing called law enforcement, who physically removed Mr. Brown from the vehicle. JA040. As Mr. Brown explained in his opening brief (at 17–20), both repossessing the car over Mr. Brown's objections and calling the police to assist with the repossession constituted breaches of the peace. *See, e.g.*, *Wallace*, 743 F. Supp. at 1232 ("If … the debtor is present and makes an objection, the breach of the peace analysis comes to the fore: the creditor's agent must then desist."); *Hart v. N. Star Recovery, LLC*, No. 1:25-CV-480, 2026 WL 2568334, at *5 (W.D. Mich. Aug. 31, 2026) (explaining that once a police "officer had involved himself in the dispute [the tow truck driver] lost his right to proceed with self-help repossession").

Appellees cite two cases from other jurisdictions stating that oral objections cannot create a breach of the peace. *See* Appellees' Br. 11. As one of those cases acknowledges, however, "[c]ourts are divided on the issue of whether an unequivocal oral protest amounts to a breach of the peace." *Clarin v. Minn. Repossessors, Inc.*, 198 F.3d 661, 664 (8th Cir. 1999); *cf. Marcus v. McCollum*, 394 F.3d 813, 820 (10th Cir. 2004) ("The general rule is that a debtor's request for the financer to leave the car alone must be obeyed." (citation omitted)). This case involves Virginia

law, and the Supreme Court of Virginia long ago recognized that when a secured party's "right to possession of chattels … is denied or resisted by another, that … party must resort to appropriate legal proceedings." *Universal Credit Co.*, 164 Va. at 630–31, 180 S.E. at 280. That rule makes sense: "Self-help repossession allows secured parties to recover collateral without involving the machinery of the courts, but such private enforcement is only acceptable as long as it remains civil. Thus, once a debtor confronts the repossessor, the repossessor must stand down before the situation escalates into violence." *Hart*, 2026 WL 2568334, at *4*; see Darren Trucking Co. v. Paccar Fin. Corp.*, No. GJH-18-3936, 2019 WL 3945103, at *3 (D. Md. Aug. 20, 2019) ("The driving force behind the 'breach of the peace' standard is to avoid precursors to violence—such as open disagreement—that often escalate into actual violence."). In any event, that Torres Towing repossessed the vehicle over Mr. Brown's objections is just one of multiple reasons why the repossession breached the peace. *See* Appellant's Br. 17–19.

In sum, contrary to Appellees' contention that Torres Towing did nothing that could constitute a breach of the peace, Torres Towing hooked Mr. Brown's car to a tow truck while he was inside the vehicle, continued

with the repossession despite his objections, and brought law enforcement in to assist it with its self-help repossession. Under these circumstances, "a reasonable jury could conclude that a breach of the peace occurred during the repossession." *Richards*, 954 F.3d at 968.

## III. The Court should reverse the dismissal of the state-law claims.

In his opening brief (at 19–20), Mr. Brown explained that the district court's dismissal of certain of Mr. Brown's state-law claims was based on its dismissal of the FDCPA claim. Appellees' brief does not contest that, if the dismissal of the FDCPA claim is reversed, the dismissal of those state-law claims should be reversed as well. *See* Appellees' Br. 12–13.

## CONCLUSION

This Court should reverse the district court's dismissal of Mr. Brown's FDCPA claim and the district court's dismissal of state-law claims based on its decision not to exercise supplemental jurisdiction.

Respectfully submitted,

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum
Nandan M. Joshi
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Dale W. Pittman
The Law Office of
Dale W. Pittman, P.C.
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000

Leonard A. Bennett
Craig C. Marchiando
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, VA 23601
(757) 930-3660

*Counsel for Plaintiff-Appellant*

October 21, 2026

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B). As calculated by my word processing software (Microsoft Word for Office 365), the brief contains 2,868 words, not counting the parts of the brief excluded by Federal Rule of Appellate Procedure 32(f). The brief also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). The brief is composed in a 14-point proportional typeface, Century Schoolbook.

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum